UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULIA BAY WADSWORTH,

    Plaintiff,

v.                                  Case No:   2:13-cv-731-FtM-38CM

ANDREW JOE KARAVALAS,

    Defendant.
_____/

**ORDER[1]**

Plaintiff Julia Bay Wadsworth, pro se, filed a Complaint against Defendant Andrew Joe Karavalas on October 16, 2013. ([Doc. #1](#)). On October 17, 2013, the Court found that the Complaint insufficiently pled a cause of action and was not in compliance with [Rule 8 of the Federal Rules of Civil Procedure](#). ([Doc. #5](#)). The Court consequently dismissed Plaintiff's Complaint without prejudice and gave Plaintiff an opportunity to amend the Complaint. ([Doc. #5](#)). Plaintiff failed to do so. The Court then entered an Order to Show Cause with regard to Plaintiff's failure to comply with the October 17, 2013 Order. ([Doc. #6](#)). The Court specifically directed Plaintiff to show cause as to why her case should not be dismissed for failure to prosecute. ([Doc. #6](#)). The Court explained that the case would be dismissed if Plaintiff failed to comply with the Order to Show Cause no later than February 6, 2014. ([Doc. #6](#)). To date, Plaintiff has failed to respond to the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Court's Order to Show Cause. Accordingly, this matter is due to be dismissed for failure to prosecute. Link v. Washbash R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); see also Krinsk v. SunTrust Bank, No. 8:09-cv-00909-T-27MA, 2014 WL 202032 at *5 (M.D. Fla. Jan. 17, 2014) (dismissing a claim with prejudice for lack of prosecution and for failure to comply with a court order).

Accordingly, it is now

**ORDERED:**

1. This case is **DISMISSED with prejudice**.

2. The Clerk of Court is directed to **CLOSE** the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of February, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record